MARIA SOWERS v. W. C. SOWERS.

*Slander—Exemplary Damages.*

1. In slander, where the defendant sets up no justification, the matters alleged in the answer are only admissible in evidence to mitigate damages ; and a general report of the loose morals of the plaintiff may also be given in evidence for the same purpose.

2. The slanderous words charged, to wit, " if the plaintiff (an unmarried woman) did not give birth to a child, she missed a good chance of having it ", themselves imply an illicit sexual intercourse ; and it was therefore held to be unnecessary to inquire of a witness his understanding of their meaning ; otherwise, where the words are ambiguous.

SOWERS *v.* SOWERS.

3. Punitory damages may be awarded in slander, and for acts of personal violence in which malice enters as an ingredient.

(*Briggs* v. *Byrd*, 10 Ired., 353 ; *Sasser* v. *Rouse*, 13 Ired., 142 ; *Nelson* v. *Evans*, 1 Dev , 9 ; *Goodbread* v. *Ledbetter*, 1 Dev. and Bat., 12 ; *Smith* v. *Smith*, 8 Ired., 29 ; *Duncan* v. *Stalcup*, 1 Dev. and Bat., 440 ; *Causee* v. *Anders*, 4 Dev. and Bat., 246 ; *Wylie* v. *Smitherman*, 8 Ired., 236 ; *Gilreath* v. *Allen*, 10 Ired., 67 ; *Bradley* v. *Morris*, Busb., 395 ; *Pendleton* v. *Davis*, 1 Jones, 98 ; *Smithwick* v. *Ward*, 7 Jones, 64, cited and approved.)

CIVIL ACTION to recover damages for slander tried at Spring Term, 1882, of IREDELL Superior Court, before *Eure, J.*

The slanderous words charged to have been spoken and published by the defendant concerning the plaintiff (who is called Bettie Sowers) and proved on the trial, were these : "If Bet Sowers did not have a young one she missed a damn'd good chance," and it is alleged in the complaint that he meant thereby to charge her with incontinency. The issues submitted to the jury were as follows :

1. Were the words alleged in the complaint spoken by the defendant of the plaintiff, and did he thereby charge her with being incontinent?

2. If so, were they true ?

3. What damage has the plaintiff sustained by reason of the speaking the same ?

The jury responded in the affirmative to the first issue ; in the negative, to the second ; and in answer to the third, assessed the damages at the sum of eight hundred dollars,

The defendant asked that a further issue be submitted, to-wit: Was the defendant justified in the use of the words uttered by him of the plaintiff? This, after the evidence was all in, was refused by the court upon the ground that all the matters of defence and extenuation set up in the answer were embraced in the others. To this ruling the defendant excepts.

During the examination of witnesses on the trial, two of them, in whose presence the imputed words were uttered, were allowed after objection from the defendant to testify, each, that he understood the defendant to charge that the plaintiff had been with a man and was with child, and incontinent. To the inquiry, and the evidence elicited by it, the defendant also excepts.

The defendant proposed to put to a witness introduced and examined by the plaintiff, but not as to the character of the plaintiff, the following question : Have you heard a report in the neighborhood, where the plaintiff is generally known, that she has been pregnant? On objection to the form of the inquiry as confined to a single person, the court ruled it was not admissible, remarking at the same time to defendant's counsel that he might inquire as to a general report in regard to the plaintiff's supposed pregnancy. The defendant declined to modify the form of his question, and excepted to the ruling excluding it.

The court was asked by the defendant to instruct the jury, that, if the plaintiff's character was such when the words were spoken of her that they would not injure her reputation, nor place her in a worse light than her own acts had done, she was not entitled to recover. The instruction was refused and the defendant excepts.

*Messrs. M. L. McCorkle* and *W. R. Henry*, for plaintiff.
*Messrs. Robbins & Long*, for defendant.

SMITH, C. J., after stating the case. These are the several exceptions and the statement of facts upon which they rest, brought up for review by the defendant's appeal, and we proceed to consider them in their successive order.

1. There is no justification set up for the utterance of the slanderous words, and the matters alleged in the answer are only admissible in evidence in mitigation of damages, and hence may be proved under the third issue for that purpose.

20

2. A fair and reasonable construction of the defendant's language in reference to an unmarried woman does, we think, import and impute personal bodily prostitution to the plaintiff, without the aid of collateral and explanatory facts, not averred in the complaint, to ascertain and point its meaning. It implies an illicit sexual intercourse, not followed by the usual consequences of pregnancy. If the plaintiff did not give birth to a child, she missed a good chance of having it. This is in substance the charge, and presupposes, not a lost opportunity for sexual intercourse, but the fact itself unattended by the natural result of child-bearing.

It was then unnecessary to inquire of the witnesses their understanding of the meaning of the words, as their actionable character was to be declared by the court.

If they were ambiguous and defamatory only by reason of other associated facts, and these had been averred in the complaint, with the further allegation that they were understood by the hearers as imputing criminal intimacy with a man, then it would have been competent, but not otherwise, to ascertain in what sense they were understood by the hearers. *Briggs* v. *Byrd,* 11 Ired., 353; *Sasser* v. *Rouse,* 13 Ired., 142.

3. A general report and belief of the loose morals and prostitution of the plaintiff, may be given in evidence to mitigate damages. *Nelson* v. *Evans,* 1 Dev., 9; and so, evidence of her general bad character was admissible for the same purposes. *Goodbread* v. *Ledbetter,* 1 Dev. & Bat., 12; *Smith* v. *Smith,* 8 Ired., 29; 2 Greenl. Evi., (Damages), § 275 Testimony of this kind the judge offered to hear, but it was not offered, the defendant declining to modify his question.

4. The remaining exception is to so much of the charge as left the jury free, if they found that the defendant spoke the words maliciously, to find punitory or exemplary damages.

The appellant insists that since the slander of innocent women, maliciously and wantonly uttered, has been made indictable by statute, (acts 1879, ch. 150) and may be punished by a public prosecution, punitory damages merely ought not to be assessed in a private action for compensation for the personal injury suffered. There would seem to be much force in the argument, if the question were an open one in this state. The right to recover damages purely punitive, and not in compensation for individual injury, is combatted with much earnestness, and upon a critical examination of adjudged cases, by Mr. Greenleaf in an elaborate note to section 253 of the second volume of his valuable work on Evidence; but the decisions in this state have been uniform, that in slander, and for acts of personal violence in which malice enters as an ingredient, exemplary damages may be awarded, and the defendant in case of assaults remain liable also to indictment. The statute only places slander in this regard upon the footing of a malicious assault. We are content to refer to some of the cases. *Duncan* v. *Stalcup*, 1 Dev. & Bat., 440; *Causee* v. *Anders*, 4 Dev. & Bat., 246; *Wylie* v. *Smitherman*, 8 Ired., 236; *Gilreath* v. *Allen*, 10 Ired., 67; *Bradley* v. *Morris*, Busb., 395; *Pendleton* v. *Davis*, 1 Jones, 98.

And even after conviction and punishment by fine under an indictment for an assault, it would not defeat the right of the injured party to recover exemplary damages, or as it is sometimes called, "smart money," and could only be made available in reduction of damages. *Smithwick* v. *Ward*, 7 Jones, 64.

We cannot, for any suggested inconveniences, or upon the idea of inflicting a double punishment for one and the same act, disregard this uniform line of decisions. There is no error.

No error. Affirmed.