THE STATE v. ED. CLAYWELL.

*Limitations, Statute of—Slander of Women—Misdemeanors.*

The offence of slandering an innocent woman is a malicious misde-
meanor, and therefore is not within the operation of the statute
(*The Code*, §1177) barring prosecutions for misdemeanors not com-
menced within two years.

CRIMINAL ACTION, tried before *Clark, Judge,* at August
Term, 1887, of IREDELL Superior Court.

The indictment framed under the statute (*The Code*, §1113,)
is for an attempt, in a wanton and malicious manner, and by
the uttering and publishing a slanderous charge imputing
sexual criminal intercourse, to destroy the reputation of an
innocent woman. On the trial, upon the plea of not guilty,
the alleged defamatory words were shown to have been
spoken more than two years before the commencement of
the prosecution, and to several persons on different occasions.
The accused insisted that he was protected by the lapse of
time since the committing of the offence, under §1177, which
provides that "all misdemeanors, except the offences of per-
jury, forgery, malicious mischief, and other malicious mis-
demeanors, deceit, &c., shall be presented or found by the
grand jury within two years after the commission of the same,
and not afterwards," with the proviso that "offences com-
mitted in a secret manner may be prosecuted within two
years after the discovery of the offender."

The prosecutrix having testified that she first heard of the
slander in June preceding the trial, and that as soon as she
could trace it to the proper source and get the evidence, the
prosecution was started, the State insisted that the offence
was a malicious misdemeanor within the meaning of the ex-
ception, and if not, was covered by the proviso.

The objection of the defendant to proof of what occurred

more than two years before the finding of the bill was over-ruled, and thereto he excepted.   No other error is assigned in the record.

There was a verdict of guilty, and from the judgment thereon the defendant appealed.

*The Attorney General* and *Mr. E. C. Smith*, for the State.
No counsel for the defendant.

SMITH, C. J., (after stating the case).   The objection must be taken to be directed not so much to the *reception* of the evidence as to its legal effect upon the question of the de-fendant's guilt, under his plea.   If well taken, and the of-fence charged is one to which the limitation applies, the re-sult would be an acquittal, unless saved by the proviso.

While we do not think the fact, were it true, that the im-plied sexual intercourse took place in secret, while the de-famatory utterance was necessarily in the hearing of wit-nesses, (and therein, when accompanied with the *specified* in-tent, consists the criminal act charged,) brings the case within the operation of the proviso, it is clearly a malicious misdemeanor.   Maliciousness in the act is an element neces-sary to its criminality, both as defined in the statute and as charged and found by the jury.   The malice can be directed and entertained only towards the person of whom the false words are spoken, and clearly results from their unwarrant-able utterance in the hearing of others.   It involves an at-tempt " in a *wanton* and *malicious manner* " (and herein lies the essence of the crime) to destroy the reputation of an in-nocent woman; and such would be the tendency, if not the effect, of the charge of unchasteness made against a virtuous woman.

We therefore sustain the ruling and affirm the judgment.

Affirmed.