MARY E. BOWDEN v. A. B. BAILES.

*Contempt—New Trial—Slander—Damages—Pleading.*

1. Where the party to an action upon the trial was guilty of such gross misbehavior as induced the Court then to issue a rule against him to show why he should not be attached for contempt: *Held,* that whatever prejudice he may have suffered thereby in the minds of the jury was attributable to his own fault, and it was not error to refuse him a new trial.

2. In an action by a woman for slander, for words alleged to have been spoken, amounting to a charge of incontinency, the plaintiff may, in the absence of proof of actual special damages, recover compensatory damages; and upon proof that the words were spoken with malice, or that the conduct of the defendant was marked by gross and wilful wrong, or was oppressive, vindictive damages may be awarded.

3. In such action it is not necessary that the complaint should allege that the words were "wantonly and maliciously" uttered.

This is a CIVIL ACTION, which was tried before *Boykin, J.*, at Spring Term, 1888, of MECKLENBURG Superior Court.

The complaint charges that the defendant, on divers occasions, falsely and maliciously spoke of and concerning the plaintiff the defamatory words set out in the different causes of action therein contained, imputing incontinency ; and so, upon issues, the jury find and assess her damages, by reason thereof, at one thousand five hundred dollars.

Upon the trial one Edwards, after objection, was allowed to testify to the pecuniary condition of the defendant, and to this his counsel entered an exception which, in this Court, was abandoned as untenable. *Adcock* v. *Marsh*, 8 Ired., 360; *Reeves* v. *Winn*, 97, N. C., 246.

The defendant became a witness on his own behalf, and during his examination grossly misbehaved, repeatedly testifying to irrelevant matters in spite of protest of plaintiff's counsel and of his own, and in disregard of the Judge's order to desist. During the opening speech of plaintiff's counsel, and while he was adverting to defendant's conduct, the latter raised his hand and shook his finger at the speaker. During the closing argument for the plaintiff, when counsel was contrasting the testimony of defendant with that of his own witnesses, defendant rose and, " in an insolent and threatening manner," demanded : " Do you dispute my word ?" and was answered, " Yes, I do, most emphatically." So, after argument, while the Judge was about to begin his charge, defendant asked : " Your Honor, may I speak a word ?" and received the reply, " No, sit down ;" which he did.

Thereupon, the Judge, addressing his counsel, said : " Gentlemen, I give you notice of a rule on your client to show cause why he should not be attached for contempt, to be heard on next Monday morning."

This remark was excepted to as calculated to prejudice defendant's case before the jury.

The remaining exceptions are to the following charge :

" If the words were spoken by defendant, as charged, the plaintiff is entitled to some damages. If the jury should find that the words were spoken by defendant of the plaintiff, as charged, but that the defendant, in so speaking them, was not actuated by any actual malice, then the plaintiff is entitled to recover compensatory damages only, by which is meant such damages as will compensate plaintiff for any injury to her character which you may find from the evidence she has sustained by reason of the words so spoken.

On the other hand, if the jury should find that the words charged were spoken by the defendant of the plaintiff, and that the defendant, in so speaking them, was actuated by actual malice, they may award exemplary or vindictive damages; and so they may award exemplary or vindictive damages if they should find from the evidence that the words were spoken by defendant, as charged, and that the conduct of defendant was marked by gross and wilful wrong, or was oppressive; and, in estimating the amount of damages, if the jury should find that the words were spoken, as charged, and that they were spoken with malice, they would consider the evidence as to the pecuniary condition of defendant for the purpose of determining the amount of damages to be awarded. In estimating the amount of damages, the jury may consider in mitigation thereof the evidence tending to prove the bad character of the plaintiff. By exemplary or vindictive damages is meant such damages as are given, not merely as pecuniary compensation for the loss actually sustained by plaintiff, but likewise as a kind of punishment to the defendant, with the view of preventing similar wrongs in future."

In conclusion, his Honor instructed the jury that they might consider, in mitigation of damages, the reports in the neighborhood derogatory to the character of the plaintiff.

The defendant entered a rule for a new trial upon the exceptions above stated and to the charge to the jury as follows:

1. That 'his Honor charged the jury that if the words were spoken of the plaintiff, as set forth in the complaint, she would be entitled to recover at least nominal damages.

2. That his Honor charged the jury that in assessing damages they might consider the plaintiff's character.

4. That his Honor charged the jury that in assessing the amount of damages they consider both the alleged bad character of the plaintiff and the pecuniary condition of the defendant.

5. That his Honor charged the jury that if no actual malice was shown, the plaintiff was entitled to recover compensatory damages.

6. That his Honor charged the jury that if the conduct of the defendant was marked by gross and wilful wrong, or was oppressive, the jury might award exemplary or vindictive damages.

7. That his Honor charged the jury that if actual malice was shown, the plaintiff might recover exemplary or pecuniary damages.

8. That his Honor charged the jury that if they should find that plaintiff's reputation or character for chastity was not good, they could consider that fact in mitigation of damages.

There was a judgment in accordance with the verdict, and the defendant appealed.

*Mr. C. W. Tillett*, for the plaintiff.

*Messrs. J. B. Batchelor* and *John Devereux, Jr.*, for the defendant.

SMITH, C. J. (after stating the case.)   We recapitulate the evidence of what transpired, which shows great forbearance on the part of the Judge in tolerating such conduct, and will only say that if the defendant suffered, it was in consequence of his own defiant manner and conduct, of which he cannot complain.

The various exceptions to the charge may be grouped into a few propositions of law, the disposition of which will be an answer to all.

1. There is error in the instruction that in the absence of *actual*, by which we understand *special* damages, the plaintiff may recover such as are compensatory only.

2. Also in the instruction that if malice was proved in the utterance of the words, or the conduct of the defendant was marked by gross and wilful wrong or was oppressive, the jury may award exemplary damages. These we will now consider:

1. As under the statute the charge of incontinency made against an innocent woman, in whatever words written or spoken, conveyed to the hearer, is *per se* actionable, their utterance must be followed by the same consequence as to damage as the publishing of other defamatory imputations, and this we take to be the meaning of the instruction as to actual damages.

2. We discover no just grounds of complaint in what is said in regard to vindictive or punitory damages, when the circumstances stated accompany the defamatory imputations or they are prompted by malice.

In respect to a slander prompted by express malice for which punitory damages may be awarded, the law is well settled, and we are content to refer to a single case recently decided—*Sowers* v. *Sowers,* 87 N. C., 303.

Nor do we see any reason why this may not be so when the slander is accompanied with acts of oppression or a wilful wrong and indifference to its consequences to the injured party, for these but emphasize the malicious spirit which prompts them.

It is suggested in the argument that the slander should be *wantonly as well as maliciously* spoken, and the complaint should so aver.

We do not concur in this view. The statute in the operative part is explicit and positive that " any words written or

spoken of a woman which may amount to a charge of incontinency shall be actionable." (*The Code*, § 3763.) The language is unlike that used in section 1113, which makes " *an attempt in a wanton and malicious* manner to destroy the reputation of an innocent woman by words written or spoken which amount to a charge of incontinency " a misdemeanor.

So that to constitute the criminal attempt other averments must be made to give it the character of an indictable offence, not required in a civil suit. *State* v. *Claywell*, 98 N. C., 731.

We find no error in the record, and the judgment must be affirmed.                                    Affirmed.