J. K. COTTON v. FISHERIES PRODUCTS COMPANY ET AL.

(Filed 30 March, 1921.)

**1. Appeal and Error—Instruction—Evidence—Harmless Error.**

A statement of a party's contention by the trial judge with instruction that it was not supported by the evidence, cannot be construed on appeal to prejudice the other party, upon the idea that it tended to create an impression unfavorable to him.

**2. Libel and Slander—Slander—Damages—Punitive Damages.**

In an action of slander the jury may award, in its discretion, punitive damages upon evidence tending to show that the defendant's conduct had been malicious or wanton, displaying a spirit of mischief towards the plaintiff, or of reckless and criminal indifference to his rights.

**3. Same—Actionable Per Se.**

Where the employer is liable in an action of slander for the words uttered or spoken by his employee, such words, when amounting to a charge of larceny, are actionable *per se.*

**4. Same—Public Policy—Evidence—Measure of Damages.**

Punitive damages allowable in the sound discretion of the jury, in an action of slander, are on the ground of public policy, for example's sake, not because of the plaintiff's right to the money, except that it is assessed in his suit, and while the amount may not be in excessive disproportion to the circumstances of contumely and indignity present in each particular case, it will not *per se* be reduced, because as a result the plaintiff's character and standing in the community has not thereby been impaired.

APPEAL by defendants from *Daniels, J.,* at August Term, 1920, of BRUNSWICK.

Civil action for slander, brought by plaintiff against the Fisheries Products Company, Thomas H. Hayes and H. B. Therian, president and manager, respectively, of said corporation. Upon motion duly made, the court directed a verdict in favor of the defendant, Thomas H. Hayes; and there was a verdict against the other two defendants for damages in the sum of $6,500. His Honor reduced this award to $3,500, and entered judgment in favor of plaintiff for said amount. The defendant corporation and H. B. Therian excepted and appealed.

*Robert W. Davis and John D. Bellamy & Sons for plaintiff.*
*Rountree & Carr and C. Ed. Taylor for defendants.*

STACY, J. This cause was before the Court at a previous term and is reported in 177 N. C., 56. The first appeal was from a judgment overruling defendants' demurrer. This was affirmed, and the case is now before us upon exceptions noted on the trial. The material allegations, which upon the hearing were supported by evidence and the prin-

ciples of law arising thereon, are fully set out and considered in the former opinion of the Court, and need not be repeated here. The case seems to have been tried in accordance with the opinion heretofore rendered and the same doctrine more recently announced in *Vincent v. Pace,* 178 N. C., 421.

The only exceptions deserving special attention are those relating to the charge on the issue of damages.

The plaintiff alleged and contended that he had suffered special damages, in that certain business negotiations which he had on hand were broken up as a result of the defendants' alleged wrongful acts. The court in its charge to the jury took occasion to mention these contentions of the plaintiff, but stated that no evidence had been offered to support this position, as there was no testimony tending to show that the matters and things complained of in this cause had been brought to the attention of the parties with whom plaintiff was negotiating. Defendants excepted to this portion of the charge on the grounds that the giving of a contention not warranted by the evidence was calculated to create in the minds of the jurors an impression that the court thought the evidence was sufficient to submit the question to them. We are unable to agree with this conclusion. The court statement that the plaintiff was making a contention unsupported by evidence would hardly be considered hurtful or prejudicial to the defendants. This was tantamount to saying that the plaintiff's contentions to this extent were not well founded. The exception must be overruled.

The defendants' eighth and last exception relates to the charge on punitive damages. The basis of this assignment is that there is no evidence from which the jury would be justified in awarding such damages, and that it was, therefore, error to instruct them upon the subject.

We think his Honor properly submitted this phase of the case to the jury for their consideration. Not only did the language of defendant's employees amount to a charge of larceny, actionable *per se* under our law, but the accompanying acts in causing plaintiff's goods to be opened publicly and searched in the presence of divers persons gave such pronounced color and tone to the entire setting of the case as to warrant the jury in assessing exemplary damages. *Bowden v. Bailes,* 101 N. C., 612.

Punitive damages, sometimes called smart money, are allowed in cases where the injury is inflicted in a malicious, wanton, and reckless manner. The defendants' conduct must have been actually malicious or wanton, displaying a spirit of mischief towards the plaintiff, or of reckless and criminal indifference to his rights. When these elements are present, damages commensurate with the injury may be allowed by way of punishment to the defendants. But these damages are awarded on the grounds of public policy, for example's sake, and not because the plain-

tiff has a *right* to the money, but it goes to him merely because it is assessed in his suit. In a proper case, like the one at bar, both the awarding of punitive damages and the amount to be allowed, if any, rest in the sound discretion of the jury. *Cobb v. R. R.,* 175 N. C., 132; *Fields v. Bynum,* 156 N. C., 413; *Hayes v. R. R.,* 141 N. C., 199; *Smithwick v. Ward,* 52 N. C., 64.

The fact that plaintiff's standing in the community has not been impaired by defendants' conduct, and that he can still show a good character, does not exonerate the defendants from their wrongful purpose. This might tend to show a smaller injury actually sustained, but a greater damage really intended. The malice, ill-will, and spite of the defendants are not *per se* reduced or mitigated by the meager results accomplished. Compensatory damages are based upon injuries suffered by the plaintiff, while punitive damages are awarded upon wrongs intended by the defendants. However, the amount of punitive damages, while resting in the sound discretion of the jury, may not be excessively disproportionate to the circumstances of contumely and indignity present in each particular case. *Gilreath v. Allen,* 32 N. C., 67; *Sloan v. Edwards,* 61 Md., 100; *Bernheimer v. Becker,* 3 L. R. A. (N. S.), 221.

We have carefully examined the record, the defendants' exceptions and assignments of error and find no sufficient reason for disturbing the results of the trial.