JAMES SWINTON AND WIFE, JANIE SWINTON, v. SAVOY REALTY COMPANY, A CORPORATION, AND A. TOLA.

(Filed 6 January, 1953.)

**1. Fraud § 12—**

Plaintiffs' evidence to the effect that they are aged Negroes without education, that they were induced to enter a contract for the purchase of a lot 80 x 150 feet by fraudulent representation of the vendor's agent that the lot included additional lands, the corners of which were pointed out to them on the ground, *is held* sufficient to be submitted to the jury in their action for fraud.

**2. Limitation of Actions § 5b—**

Plaintiffs, aged Negroes without education, instituted this action to recover damages for fraudulent representations as to the amount of land included in a lot purchased by them. *Held:* Their testimony was sufficient to show that the action was begun within three years from the time the facts constituting the alleged fraud were discovered, or should have been discovered by them in the exercise of reasonable diligence. G.S. 1-52 (9).

**3. Damages § 7—**

In this State, punitive damages may be awarded in the sound discretion of the jury in tort actions provided there be some features of aggravation, as when the wrong is done willfully or under circumstances of rudeness, oppression, or in a manner which evinces a reckless and wanton disregard of plaintiffs' rights.

**4. Same—**

Punitive damages may not be awarded in an action for fraud merely upon a showing of the misrepresentation constituting the basis of the cause of action, without more.

**5. Appeal and Error § 39f—**

Exceptions to the charge will not be sustained when it is without prejudicial error construed contextually.                    •

**6. Appeal and Error § 29—**

Exceptions not supported by any reason or argument are deemed abandoned. Rule of Practice in the Supreme Court 28.

PARKER, J., took no part in the consideration or decision of this case.

SWINTON v. REALTY CO.

APPEAL by defendants from *Bone, J.,* May Term, 1952, of CUMBER-LAND. Modified and affirmed.

Suit to recover damages for fraud in the sale of land.

The plaintiffs alleged and offered evidence tending to show that defendant Realty Company, through its agent and employee A. Tola, who was acting within the scope of his employment and about the business of the defendant Corporation, induced plaintiffs to contract to purchase a lot of land 80 by 150 feet at the price of $2,000 by falsely and fraudulently representing that the boundaries of the lot as designated and pointed out by the defendants embraced an area "268 feet wide and 160 yards deep," showing them the corners of a lot of that area which the defendants represented the plaintiffs were purchasing. This included the house in which plaintiffs lived. After having paid the purchase price over a period of years, upon receipt of the deed the plaintiffs learned that the lot therein conveyed was only 80 by 150 feet and worth no more than $500. Plaintiffs asked for $1,500 damages, and also for an additional amount as punitive damages.

The defendants denied the imputation of fraud and offered evidence that the lot was sold by a plat showing it was No. 310, and only 80 by 150 feet in size, and further that the plaintiffs who had lived on the premises for many years knew at the time or learned more than three years before suit the size of the lot sold them, and defendants plead the three years' statute of limitations.

Issues were submitted to the jury and answered as follows:

"1. Did the defendant A. Tola falsely and fraudulently represent to the plaintiffs that the boundaries of the land contracted to be sold by agreement dated April 3, 1944, were as set out in paragraph 10 of the plaintiffs' substituted and amended complaint?

"Answer: YES.

"2. If so, was the defendant Tola acting as the agent of the corporate defendant at said time?

"Answer: YES.

"3. Are the plaintiffs barred by the statute of limitations?

"Answer: No.

"4. What actual damage, if any, are the plaintiffs entitled to recover of the defendants?

"Answer: $1500.00.

"5. What punitive damages, if any, are the plaintiffs entitled to recover of the defendants?

"Answer: $1500.00."

Upon the coming in of the verdict the court having some doubt as to the third issue, set the verdict on that issue aside, and at a subsequent term again submitted it to the jury with the result that the issue was again answered "No."

Upon the verdict judgment was rendered that plaintiffs recover $1,500 compensatory damages and $1,500 punitive damages.

*Jones & Jones for plaintiffs, appellees.*
*Robert H. Dye for defendants, appellants.*

DEVIN, C. J.   The defendants noted numerous exceptions during the trial, but base their appeal chiefly on three grounds: (1) the denial of their motion for judgment of nonsuit, (2) submission of issue of punitive damages, and (3) errors in the court's instructions to the jury.

1. It is apparent from an examination of the record that the plaintiffs' evidence considered in the light most favorable for them was sufficient to make out a case for the jury.   The plaintiffs are aged Negroes without education, and their testimony, if believed, was adequate to establish actionable fraud.   *Garland v. Penegar,* 235 N.C. 517, 70 S.E. 2d 486; *Gray v. Edmonds,* 232 N.C. 681, 62 S.E. 2d 77; *Kennedy v. Trust Co.,* 213 N.C. 620, 197 S.E. 130.

The plaintiffs' evidence was sufficient to show that the action was begun within three years of the time when the facts constituting the alleged fraud were discovered, or should have been discovered in the exercise of reasonable diligence.   G.S. 1-52 (9); *Lee v. Rhodes,* 231 N.C. 602, 58 S.E. 2d 363; *Wimberly v. Furniture Stores,* 216 N.C. 732, 6 S.E. 2d 512; *Hargett v. Lee,* 206 N.C. 536, 174 S.E. 498.   The facts stated in *Harding v. Ins. Co.,* 218 N.C. 129, 10 S.E. 2d 599, and *Hargett v. Lee,* 206 N.C. 536, 174 S.E. 498, cited by defendants, are materially different from those in the case at bar.

2. Defendants assign error in the action of the court in submitting an issue as to punitive damages.

The power of the court to assess punitive or exemplary damages, and thereby authorize the taking of money from the defendant and awarding it to the plaintiff in addition to that sufficient to compensate him for the injury done him, is questioned in some jurisdictions (25 C.J.S. 708), but it has been uniformly held with us that punitive damages may be awarded in the sound discretion of the jury and within reasonable limits, though the right to such an award does not follow as a conclusion of law because the jury has found an issue of fraud against the defendant.   There must be an element of aggravation accompanying the tortious conduct which causes the injury.   Smart money may not be included in the assessment of damages as a matter of course simply because of an actionable wrong, but only when there are some features of aggravation, as when the wrong is done willfully or under circumstances of rudeness, oppression, or in a manner which evinces a reckless and wanton disregard of the plaintiff's rights.   *Baker v. Winslow,* 184 N.C. 1, 113 S.E. 570.   "But these damages

are awarded on the ground of public policy, for example's sake, and not because the plaintiff has a right to the money, but it goes to him merely because it is assessed in his suit." *Cotton v. Fisheries Products Co.,* 181 N.C. 151, 106 S.E. 487.

In the American Law Institute Restatement Law of Torts, sec. 908, it is said: " 'Punitive damages' are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct." In actions to recover damages for a tort which involves the ingredient of fraud, malice, insult or is characterized by reckless and wanton disregard of the rights of the plaintiff exemplary or punitive damages may be awarded for the purpose of punishing or making an example of the defendant. 15 A.J. 713. As a general rule exemplary damages are not recoverable in actions for breach of contract. 25 C.J.S. 716; *Saberton v. Greenwald,* 146 Ohio St. 414; 165 A.L.R. 599.

In *Saberton v. Greenwald, supra,* the action was to recover damages for fraudulent representation in the sale of a watch. It was held by a divided court that punitive damages might be recovered under the facts of that case. Three Justices dissented, *arguendo,* on the ground that the tort sued on was not of such a character as to warrant the assessment of punitive damages, questioning also the power of the court to make the defendant pay twice for the same wrong.

In some cases, in actions to recover damages for fraud, where punitive damages are asked, it is suggested that a line of demarcation be drawn between aggravated fraud and simple fraud, with punitive damages allowable in the one case and refused in the other. In a note in 165 A.L.R. 616, it is said: "All that can be said is that to constitute aggravated fraud there must be some additional element of asocial behavior which goes beyond the facts necessary to create a case of simple fraud."

Without undertaking to pursue this further, we think the rule is that the facts in each case must determine whether the fraudulent representations alleged were accompanied by such acts and conduct as to subject the wrongdoer to an assessment of additional damages, for the purpose of punishing him for what has been called his "outrageous conduct."

In the case at bar the plaintiffs' original complaint alleged that defendants entered into a written contract to convey lot No. 310, and pointed out certain lines as the boundaries of this lot, and plaintiffs in their complaint demanded specific performance of the contract according to the boundaries thus indicated. Subsequently in an amended and substituted complaint, plaintiffs having accepted the deed to lot 310, sued to recover damages for the loss occasioned by defendants' fraud in the sum of $1,500. This the jury awarded them. Thus the plaintiffs seem to have been made whole for the $2,000 paid out, as they have received a lot worth $500 and

$1,500 as damages on the ground of fraud. This is all the plaintiffs asked for, except an additional amount as punitive damages.

We are inclined to the view that the facts in evidence here are not sufficient to warrant the allowance of punitive damages. There was no evidence of insult, indignity, malice, oppression or bad motive other than the same false representations for which they have received the amount demanded. Here fraud is not an accompanying element of an independent tort but the particular tort alleged.

Though the conduct of the defendants was reprehensible, they have now been required to compensate the plaintiffs fully for the loss and injury caused by their false representations. We do not think the law requires that an additional amount for punishment should be meted out in this action.

3. The defendants have noted exception to several portions of the court's charge to the jury, and to the failure of the court to explain the law relating to certain phases of the testimony.

We have examined these in connection with the charge as a whole in the light of the evidence offered, and do not perceive any substantial ground upon which to predicate harmful error.

Other exceptions to which no reason or argument is submitted are deemed abandoned. Rule 28; *Bank v. Snow,* 221 N.C. 14, 18 S.E. 2d 711.

For the reasons herein set forth the allowance of punitive damages should be eliminated from the judgment, and except as modified in this respect the judgment is affirmed.

Modified and affirmed.

PARKER, J., took no part in the consideration or decision of this case.