CAROLINA WIRE & CABLE, INC. v. GREGORY J. FINNICAN AND PERCIVAL'S, INC.

No. 7926SC658

(Filed 1 April 1980)

**Fraud § 9; Contracts § 25.1— lease with option to purchase—fraud and breach of contract alleged—sufficiency of complaint**

In an action for fraud and breach of contract where plaintiff's complaint set forth in considerable detail the factual aspects of its dealings with defendants concerning a lease, an option to purchase, and plaintiff's alleged damages, the trial court erred in dismissing plaintiff's complaint for failure to state a claim for relief, and the fact that the full extent of plaintiff's damages might be a matter of some speculation was no basis for the trial court to have denied plaintiff any relief by dismissing its complaint.

APPEAL by plaintiff from *Lewis, Judge.* Judgment entered 3 May 1979 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 1 February 1980.

In its first claim for relief, plaintiff alleges that it had informed defendants that it was only interested in leasing property on which it could obtain an option to purchase. Plaintiff maintains that defendant Finnican, as defendant Percival's employee and agent, induced plaintiff to enter into a sublease of premises located at 100 Brookford Drive in Mecklenburg County. Plaintiff avers that Finnican represented to it that plaintiff would be able to obtain an option to purchase the property at a price not to exceed $725,000 and that Finnican had assured plaintiff that he had secured this option from the property's owner. The sublease was executed by the parties on or about 7 October 1977. The option to purchase was not delivered prior to the time of execution, plaintiff alleging that defendant Finnican had promised that although the option had not yet been executed by the owner, it would be delivered promptly. Thereafter, plaintiff maintains that it made repeated requests of Finnican to deliver the option and received Finnican's repeated assurance that it would be delivered promptly. Plaintiff also maintains that it received such an assurance from one of Finnican's supervisors at Percival's.

Plaintiff avers that in late October or early November 1977, defendant Finnican advised it that there was difficulty in obtaining the option, later informing plaintiff that the option would not be forthcoming. According to plaintiff, the representations which Finnican allegedly made regarding the availability of the option were materially false, and were made with knowledge of their falsity or with reckless indifference as to their truth or falsity, with intent that plaintiff should rely on them. Plaintiff states that it relied on these representations to its damage.

In its second cause of action, plaintiff alleges negligence on the part of defendant Finnican, as an employee and agent of defendant Percival's, in failing to obtain the option to purchase which it had promised. In its third cause of action, plaintiff avers that defendant Percival's breached its contract with plaintiff to obtain the option to purchase.

Plaintiff seeks damages for expenses it has incurred in preparing the leased premises for occupancy, lost profits during

the moving of its operations to the leased premises, and additional moving expenses it anticipates it will incur and lost profits which will result when the lease expires. Plaintiff also seeks damages for the additional cost of acquiring property which it could lease and eventually purchase comparable to the Brookford Drive property—the benefit of the bargain.

Defendants moved to dismiss plaintiff's action under G.S. 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief could be granted. Defendant Finnican answered plaintiff's complaint, admitting that with regard to the transactions set forth in the complaint, he was acting as the employee and agent of defendant Percival's and within the scope and course of his employment. Defendant Finnican also admitted that he discussed the option to purchase with plaintiff and that after the lease had been executed, he informed plaintiff that the option could not be obtained. All of the other material allegations of plaintiff's complaint remain in dispute. From the trial court's judgment granting both defendants' Rule 12(b)(6) motions, plaintiff appeals.

*William H. Ashendorf for the plaintiff appellant.*

*Paul L. Whitfield and Rodney W. Seaford, for defendant appellee Gregory J. Finnican.*

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by William E. Poe and Irvin W. Hankins III, for defendant appellee Percival's, Inc.*

WELLS, Judge.

Plaintiff has brought forward only one exception and only one question for our review: Did the trial court err in ruling that plaintiff's complaint failed to state a claim upon which relief could be granted?

Under the notice theory of pleading, a statement of claim is adequate if it gives sufficient notice of the claim asserted to enable the adverse party to answer and prepare for trial, to allow for the application of *res judicata*, and to show the type of case brought. *RGK, Inc. v. Guaranty Co.*, 292 N.C. 668, 235 S.E. 2d 234 (1977); *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970).

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief. The rule generally precludes dismissal except in those instances where the face of the complaint discloses some insurmountable bar to recovery. *Newton v. Insurance Co.*, 291 N.C. 105, 229 S.E. 2d 297 (1976); *Sutton v. Duke, supra; Winborne v. Winborne*, 41 N.C. App. 756, 255 S.E. 2d 640 (1979), *disc. rev. denied*, 298 N.C. 305, 259 S.E. 2d 918 (1979). For the purposes of ruling on a motion to dismiss, the well-pleaded material allegations of the complaint are taken as admitted. *Grant v. Insurance Co.*, 295 N.C. 39, 243 S.E. 2d 894 (1978).

There seems to be no doubt here as to the sufficiency of the complaint. Plaintiff has not rested on bare-bones notice, but has set forth in considerable detail the factual aspects of its dealings and transactions with the defendants concerning the lease, the option, and plaintiff's alleged damages. The complaint provides both defendants with ample notice to enable them to respond and prepare their defenses. We also believe that plaintiff's claim for fraud has been pleaded with sufficient particularity to comply with Rule 9(b). *See, Coley v. Bank*, 41 N.C. App. 121, 254 S.E. 2d 217 (1979).

Defendants argue that plaintiff has set out no basis for substantive relief. We disagree. At the very least, the complaint states sufficient material allegations against both defendants upon which the jury might find actual fraud, *Odom v. Little Rock & I-85 Corp.*, 299 N.C. 86, 261 S.E. 2d 99 (1980); constructive fraud, *Priddy v. Lumber Co.*, 258 N.C. 653, 129 S.E. 2d 256 (1963); and against defendant Percival's, Inc. for breach of contract, *RGK, Inc. v. Guaranty Co., supra.*

Defendants argue that plaintiff's complaint must be dismissed because the damages claimed are too speculative to measure. If it is true that the defendants induced plaintiff to enter into the lease by promising that plaintiff would receive an option to purchase on the property, it could be presumed that plaintiff would incur at least some damages, *e.g.* the value of the option as well as some incidental relocation expenses. While a trial may reveal that some of the damages which plaintiff demands are so speculative that they may not be recovered, it

does not seem to us that all of plaintiff's damages are, by their nature, so speculative as to require that its suit be dismissed at this stage. The fact that the full extent of plaintiff's damages may be a matter of some speculation is no basis for the trial court to have denied plaintiff any relief by dismissing its complaint. *Pipkin v. Thomas & Hill, Inc.*, 298 N.C. 278, 258 S.E. 2d 778 (1979). If plaintiff can prove its claim for fraud or breach of contract, it would be entitled to recover all damages as it can prove at trial it has already suffered, or that it reasonably expects to incur. *Id.*

For the reasons stated, the judgment of the trial court as to both defendants must be

Reversed.

Judges MARTIN (Robert M.) and ERWIN concur.