WAYNE SEAY v. ALLSTATE INSURANCE COMPANY AND JACK KING

No. 8121SC1361

(Filed 19 October 1982)

**Insurance § 74— action on automobile collision policy—punitive damages—summary judgment**

In an action to recover damages for defendant insurer's failure to pay a collision loss claim under plaintiff's automobile insurance policy, summary judgment was properly entered for defendant insurer on the issue of punitive damages where plaintiff failed to present competent evidence in support of his allegation of fraudulent conduct.

APPEAL by plaintiff from *Walker, Judge.* Judgment entered 17 August 1981 in Superior Court, FORSYTH County. Heard in the Court of Appeals 23 September 1982.

Plaintiff brought this action to recover compensatory damages for defendant Allstate's failure to pay a collision loss claim under plaintiff's automobile insurance policy and punitive damages for defendants' fraudulent acts in attempting to defeat plaintiff's claim.

Plaintiff alleged in a verified complaint that prior to 5 July 1977 plaintiff maintained an automobile liability policy with defendant Allstate. On 5 July 1977, plaintiff borrowed $2,500.00 from North Carolina National Bank (NCNB) and pledged his automobile as collateral for the loan. In order to obtain the loan, it was necessary for plaintiff to maintain collision coverage on the pledged automobile. On 5 July 1977, defendant King, Allstate's agent, represented to plaintiff that plaintiff had $100.00 deductible collision coverage on the pledged automobile. Plaintiff obtained the loan on 5 July 1977 on the assurance of King to plaintiff and to NCNB that plaintiff had collision coverage on plaintiff's pledged automobile effective 5 July. On 6 July plaintiff incurred a collision loss to his car, in the amount of $839.75. Plaintiff notified King of the loss on 7 July and was told by King to call an adjuster. Plaintiff then reported the loss to Allstate's claims office. By letter of 21 July, Allstate informed plaintiff that plaintiff's collision coverage would not be continued beyond 7 July 1977 due to two previous collision losses by plaintiff, one of which was the 6 July loss. Plaintiff had the car repaired and submitted a claim to Allstate which Allstate failed and refused to

pay. On information and belief, plaintiff alleged that Allstate afforded him collision coverage on 5 July, but when defendants learned of the 6 July loss, defendants willfully and fraudulently attempted to change the date of plaintiff's coverage to 7 July to avoid payment of plaintiff's claim, and that defendants falsely represented that plaintiff had no collision coverage on 5 July when in fact defendants knew that plaintiff did have such coverage effective 5 July and that such statements by defendants were knowingly false and made with intent to defraud plaintiff; or in the alternative that King's representation to plaintiff on 5 July that King was immediately effecting collision coverage was knowingly false, made with the intent of defrauding plaintiff.

Defendants answered admitting that plaintiff had a liability policy in effect on the pledged car on 5 July, but otherwise made general denials. Defendants' answer was served on 29 August 1980.

The record on appeal includes the depositions of Herbert Clyde Watson, III, a loan officer for NCNB; Edward B. Ballard, an acquaintance of plaintiff; and John Staples King, Jr. (Jack King), an agent for defendant Allstate. These depositions were taken on 4 December 1980. The record does not show by whom they were taken nor when they were filed.

On 15 April 1981, defendants moved to dismiss plaintiff's action in its entirety for plaintiff's failure to comply with discovery and for partial summary judgment as to plaintiff's claim for punitive damages. On 5 October 1981, the trial court granted defendants' motion for partial summary judgment and plaintiff has appealed.

*Kennedy, Kennedy, Kennedy and Kennedy, by Harold L. Kennedy, III and Harvey L. Kennedy, for plaintiff-appellant.*

*Womble, Carlyle, Sandridge & Rice, by Daniel W. Donahue and Keith A. Clinard, for defendant-appellees.*

WELLS, Judge.

In the usual summary judgment situation, the burden is on the movant to show to the trial court that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. *Lowe v. Bradford*, 305 N.C. 366, 289

S.E. 2d 363 (1982); *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976). The procedure under the rule being designed to allow a preview or forecast of evidence or proof of the parties in order to determine whether a jury trial is necessary and to allow the trial court to "pierce the pleadings" to determine whether any genuine factual controversy exists, *Lowe*, supra, it is therefore incumbent on the trial court to consider all of the papers before him on hearing the motion in order to make an appropriate disposition of the motion.[1]

All of the fraudulent or intentionally wrongful acts alleged by plaintiff in his verified complaint were alleged upon information and belief and therefore do not meet the "personal knowledge" requirements of Rule 56(e). *Metal Works, Inc. v. Heritage, Inc.*, 43 N.C. App. 27, 258 S.E. 2d 77 (1979). Plaintiff did not offer a personal affidavit or deposition.

The only witness whose testimony deals with the alleged representations of defendant King to plaintiff on 5 July 1977 was NCNB's loan officer, Watson. In his deposition, Watson testified as to the events in his office on 5 July. He testified that plaintiff applied for an automobile loan, that he informed plaintiff as to the bank's requirement for collision coverage; that plaintiff informed Watson plaintiff had insurance with Allstate and that King was his agent; that while plaintiff was in Watson's office, plaintiff made a phone call, and as a result of that call, Watson obtained plaintiff's insurance policy number and that the only information he had as to plaintiff's insurance coverage was what plaintiff told him. Thus, it is clear that Watson would not be competent to testify as to anything that King did or said on 5 July 1977. *See Patterson v. Reid*, 10 N.C. App. 22, 178 S.E. 2d 1 (1970).

Edward Ballard's deposition testimony indicates that he had no personal knowledge of the events of July 5, 6, or 7, and thus he would not be competent to testify as to King's alleged acts on those dates. Ballard did testify that he went with plaintiff to see

---

1. Although the record on appeal in this case does not make it clear that the depositions before the trial court were produced by the plaintiff, the opposing party, the briefs of the parties seem in agreement that such was the case, and we therefore presume that defendants, the movants, relied on plaintiff's deposition of defendant King to provide defendants' forecast of evidence or proof in support of their motion for partial summary judgment.

King in September or October (of 1977) and that in his presence, King made the statement to plaintiff that "If anything come (sic) up and we go to court, I'll deny everything that I said." This statement attributed to King by Ballard is not probative of any facts at issue in this case, but if offered at trial, would only bear upon King's credibility.

We are persuaded that the forecast of evidence before the trial court shows that plaintiff has failed to properly support his allegations of fraudulent conduct, *Lowe,* supra, and that there is no forecast of competent evidence which would raise an issue of punitive damages in this case. *See Murray v. Insurance Co.,* 51 N.C. App. 10, 275 S.E. 2d 195 (1981). Accordingly, the judgment of the trial court is

Affirmed.

Judges VAUGHN and WEBB concur.