JOHN W. LEWIS, D/B/A MIKE LEWIS, INC. v. DUNN LEASING CORPORATION
AND JOHN WILLIS

No. 7718SC412

(Filed 6 June 1978)

1. **Landlord and Tenant § 5; Rules of Civil Procedure § 56.3— liability under a
   lease—summary judgment—amount due**

   The trial court properly granted summary judgment for defendants on
   their counterclaim for payments due under a lease of a van where plaintiffs ad-
   mitted the execution of the lease and an unspecified arrearage in payments
   thereunder. However, the court erred in entering summary judgment as to the
   amount of the liability under the lease where the only evidence as to the
   amount due was a letter, filed in answer to an interrogatory, which was ad-
   dressed to the corporate plaintiff from defendants' attorney, and the competen-
   cy of the letter did not appear on the face of the letter or elsewhere in the
   record and did not qualify as an affidavit of the defendant who verified the
   answers to the interrogatories.

2. **Indemnity § 2.2— indemnity provision in lease—intentional tort by lessor's
   employee**

   An indemnity provision in an agreement for the lease of a van did not con-
   template that the corporate lessor would be indemnified and the lessor's
   employee would be exempt from liability for the employee's intentional tort of
   conversion of tools and supplies in the van when it was repossessed.

APPEAL by plaintiffs from *Crissman, Judge*. Judgment
entered 23 March 1977 in Superior Court, GUILFORD County.
Heard in the Court of Appeals 2 March 1978.

This action was instituted by the plaintiffs to recover
damages arising from the alleged conversion of plumbing tools
and supplies belonging to the individual plaintiff; said tools and
supplies were located inside a Ford van leased to the corporate
plaintiff by the defendant Dunn Leasing Corp. (Dunn), which was
repossessed by Dunn through its agent, the defendant Willis.

The defendant Willis moved to dismiss the complaint pur-
suant to Rule 12(b)(6). Defendant Dunn filed an answer and
asserted a purported defense and counterclaim against plaintiff
Mike Lewis, Inc. for payments due under the terms of the lease;
against the individual plaintiff for fraud and conversion of the
leased van; and pled specifically an indemnity provision contained
within the terms of the lease agreement between the corporate
plaintiff-lessee, and the defendant-lessor, Dunn.

Plaintiff filed an "answer" to counterclaim, admitting the execution of the aforementioned lease and an unspecified arrearage.

Defendants next filed a motion for summary judgment, grounded upon the aforementioned lease and the indemnity provision therein. Subsequently there were filed plaintiffs' interrogatories and defendants' verified answers thereto.

On 23 March 1977, the trial court entered an order granting summary judgment for defendant Dunn on its counterclaim against the corporate plaintiff in the amount of $1,050.00 plus attorney's fees in the amount of $250.00, and dismissing plaintiffs' action against defendants. Plaintiffs appealed.

*Booth, Fish, Simpson & Harrison, by Robert A. Benson, for the plaintiffs.*

*Alspaugh, Rivenbark & Lively, by James B. Rivenbark, for the defendants.*

BROCK, Chief Judge.

Plaintiffs assign error to the trial court's order granting summary judgment in favor of the corporate defendant on its counterclaim, and dismissing plaintiffs' action against defendants.

We shall first consider whether summary judgment was proper on the counterclaim. Defendants filed no affidavits in support of their motion for summary judgment. Thus the question presented is whether defendants, the moving parties, have properly shown that there is no genuine issue as to any material fact and that the corporate defendant is entitled to judgment as a matter of law on its counterclaim in the amount of $1,050.00. The burden was on the moving parties to establish, by competent evidence, that there was no triable issue of fact. *Lineberger v. Insurance Co.*, 12 N.C. App. 135, 182 S.E. 2d 643 (1971).

[1] The only evidence before the court in the instant case was the pleadings and defendants' answers to interrogatories, both of which are properly subject to consideration by the court in ruling on the summary judgment motion. Rule 56(c). Upon examining this evidence, we note that the plaintiffs, in their reply, admitted the execution of the lease by the corporate plaintiff and an unspecified arrearage in payments thereunder. Thus there is no

genuine issue as to the fact of the corporate plaintiff's liability to the corporate defendant in some amount, and to that extent, summary judgment was appropriate.

As to the amount of the liability, the pleadings establish a counterclaim for $1,050.00 by the corporate defendant and a general denial of the amount by plaintiffs. Outside of the pleadings, the only evidence offered by defendants as to the amount due under the lease was a letter attached as an exhibit in answer to plaintiffs' interrogatory number 14, which interrogatory read as follows:

> "14. If you will do so without a motion to produce, please attach to these interrogatories any and all correspondence that took place between the defendants and the plaintiff, in which the defendants demanded payment of the plaintiff or gave notice of repossession."

The letter attached in answer to this interrogatory was merely a demand for $1,050.00 addressed to the corporate plaintiff from defendants' attorney. The competency of this unsworn letter to prove the amount of the debt does not appear on the face of the letter itself, or anywhere else in the record. Nor does this letter qualify as an affidavit of the defendant Wilson, who verified the answers to the interrogatories, on the question of the amount owed. It is not a statement of the affiant "made on personal knowledge", nor does it "show affirmatively that the affiant is competent to testify to the matters stated therein." Rule 56(e).

Thus defendants did not satisfy their burden of establishing by competent evidence the lack of a triable issue of fact as to the amount of unpaid lease payments. Although plaintiffs could not ordinarily rest upon their denial in the pleadings in the face of a properly supported motion for summary judgment, *Short v. City of Greensboro*, 15 N.C. App. 135, 189 S.E. 2d 560 (1972), "[w]here the evidentiary matter supporting the moving party's motion is insufficient to satisfy his burden of proof, it is not incumbent upon the opposing party to present any competent counter-affidavits or other materials. (Citation omitted.)" *Lineberger v. Insurance Co., supra,* 12 N.C. App. at 137, 182 S.E. 2d at 644.

[2] Plaintiffs next argue that the trial court erred in dismissing their complaint. The trial court apparently determined that de-

fendants were entitled to a judgment dismissing plaintiffs' complaint as a matter of law by virtue of an indemnity provision contained in the lease agreement, which read as follows:

"10. *Indemnity.* Regardless of any insurance coverage, Lessee shall indemnify and save Lessor harmless against any and all claims or liability of every kind and nature, and all costs and expenses, including attorney's fees, incurred in connection with, relating to, defending suits or arising out of the possession, use or operation of property covered by this lease, and such liability shall not be affected by any termination of the lease or a surrender of the property; provided however, that any insurance covering such liability, if and when paid, shall be a credit upon Lessee's liability. Lessor shall not be liable to Lessee for any loss of property or other damage resulting from the theft, destruction or damage of leased property, including motor vehicles, directly or indirectly, including loss of use of such property during the time required to recover, repair, adjust, service, or replace it, and there shall be no abatement of rental during any such period."

Plaintiffs contend that the parties did not intend that the corporate defendant would be indemnified for the intentional torts of its employees. We agree.

The applicable rules of construction were set out by Justice Sharp (now Chief Justice) in *Dixie Container Corp. v. Dale*, 273 N.C. 624, 627, 160 S.E. 2d 708, 711 (1968):

"As in the construction of any contract, the court's primary purpose in construing a contract of indemnity is to ascertain and give effect to the intention of the parties, and the ordinary rules of construction apply. 42 C.J.S. *Indemnity* § 8 (1944). It will be construed to cover all losses, damages, and liabilities which reasonably appear to have been within the contemplation of the parties, but it cannot be extended to cover any losses 'which are neither expressly within its terms nor of such character that it can reasonably be inferred that they were intended to be within the contract.' *Id.* § 12."

Nothing in the language of the aforementioned indemnity provision can reasonably be read as indicating that the parties to the lease, and especially the plaintiff corporation, contemplated that Dunn would be exempt from liability for the intentional tort of conversion.

It is the rule in this State that an indemnity contract purporting to relieve one from liability for his own negligence is not favored and will be strictly construed. *Crushed Stone v. Powder Co.*, 25 N.C. App. 285, 210 S.E. 2d 285 (1974). At the very least, this rule of construction should be extended to contracts purporting to relieve one from liability for intentional torts, and we have applied this rule in the instant case. Furthermore, we are inclined to agree with plaintiffs that if the provision at issue were construed to relieve the defendant from liability for its intentional torts, such a provision would be void as against public policy. However, it is not necessary for us to reach that question in light of our construction of the indemnity provision.

For the reasons heretofore discussed, the trial court's order granting summary judgment for defendants on the counterclaim is affirmed only insofar as it adjudicates plaintiff corporation's liability under the lease; the portions of the order granting summary judgment as to the amount of damages for nonpayment under the lease, for attorney fees, and dismissing plaintiffs' action, are reversed.

Affirmed in part; reversed in part.

Judges VAUGHN and ERWIN concur.