CARL ROSANIA, PLAINTIFF v. ANITA J. ROSANIA (NOW JURKOWSKI), DEFENDANT

No. 9122DC989

(Filed 3 November 1992)

Divorce and Separation § 15 (NCI4th) — prior agreement for distribution of marital property — subsequent property settlement agreement — prior agreement superseded

The trial court properly refused to enforce a 1986 handwritten agreement between the parties which concerned the distribution of marital assets and which provided that defendant would pay plaintiff $15,000 upon her remarriage or upon her

ROSANIA v. ROSANIA

[108 N.C. App. 58 (1992)]

sale of a specific parcel of marital property, since the parties' subsequent property settlement agreement of 1988 was a full and final settlement of the distribution of marital property which superseded any and all prior agreements between the parties.

**Am Jur 2d, Divorce and Separation §§ 819, 820, 842.**

APPEAL by plaintiff from *Cathey (Samuel A.), Judge.* Order entered 2 May 1991 in District Court, IREDELL County. Heard in the Court of Appeals 14 October 1992.

Defendant instituted this civil action by "Motion in the Cause" after filing an exemplified copy of a judgment entered on 30 June 1988 in the Superior Court of New Jersey, Chancery Division — Family Part, Hunterdon County, with the Clerk of Superior Court, Iredell County pursuant to G.S. § 50A-15. The New Jersey judgment granted an absolute divorce to plaintiff and defendant and incorporated the parties' previously executed "Property Settlement Agreement." The property settlement agreement relates that plaintiff and defendant were married on 22 August 1981 in Hunterdon County, New Jersey and that there were two children born of the marriage. Defendant was awarded custody of both children and plaintiff was awarded visitation privileges. Plaintiff agreed to pay child support in the amount of $150 each month. Defendant and the minor children have resided in North Carolina since the entry of the divorce judgment.

Defendant's "Motion in the Cause" requested that the North Carolina court modify the child support order contained within the New Jersey judgment by increasing the monthly obligation of plaintiff to reflect a change of circumstances occurring since the entry of the original order. Plaintiff responded to defendant's motion and requested that the district court deny the request for an increase in support and modify the New Jersey order by granting primary custody of the children to him. Plaintiff also requested that the court enforce a 1986 agreement between the parties dealing with the distribution of marital assets. Plaintiff alleged that, pursuant to the terms of that earlier agreement, defendant was indebted to him in the amount of $15,000.

When the matter came on for hearing in district court, Judge Cathey denied plaintiff's request for a change of custody, granted defendant's request for an increase in child support, altered and

expanded plaintiff's visitation rights, and denied plaintiff's claim for judgment against defendant in the amount of $15,000. The trial court concluded that plaintiff was not entitled to recover from defendant due to its finding that "[t]he [property settlement agreement signed by the parties and incorporated into the judgment of the New Jersey court] constitutes a full and final division of the parties' marital property. It superseded and invalidated the 1986 handwritten agreement between the parties . . . ."

Plaintiff appeals only from the trial court's denial of his claim against defendant for $15,000.

*Pope, McMillan, Gourley, Kutteh & Parker, by David P. Parker, for plaintiff, appellant.*

*Mattox, Mallory & Simon, by Pamela H. Simon, for defendant, appellee.*

HEDRICK, Chief Judge.

The only question presented by plaintiff on appeal is whether the trial court erred in refusing to enforce a 1986 handwritten agreement between the parties which concerned the distribution of marital assets and which provided that defendant would pay plaintiff $15,000 upon her remarriage or upon her sale of a specific parcel of marital property. Plaintiff contends that as defendant has remarried and sold the property, he is entitled to recover that sum.

The property settlement agreement which was incorporated into the New Jersey judgment on 30 June 1988 specifically states:

Except as provided for in this Agreement, the parties have heretofore divided and distributed all of their real and personal property to their mutual satisfaction, and each hereby confirms and ratifies that distribution . . . .

[Further,] [e]xcept as otherwise herein expressly provided, the parties shall and do hereby mutually remise, release and forever discharge each other from any and all actions, suits, debts, claims, demands and obligations whatsoever, both in law and in equity, which either of them ever had, now has, or may hereafter have against the other upon or by reason of any matter, cause or thing up to the date of the execution of this Agreement, excepting only any cause of action for divorce.

The agreement further contains a paragraph in which each party agreed to release "except as herein otherwise provided" the right to any property, under any theory, from the other, and a "merger" clause stating that the agreement "contains the entire understanding of the parties, and there are no representations, warranties, covenants or undertakings other than those expressly set forth herein."

This language clearly indicates that the property settlement agreement of 1988 was a full and final settlement of the distribution of marital property which superseded any and all prior agreements between the parties. The express language leaves no room for interpretation. "Where the language of a contract is clear and unambiguous, the court is obligated to interpret the contract as written, and the court cannot look beyond the terms to see what the intentions of the parties might have been in making the agreement." *Renfro v. Meacham*, 50 N.C. App. 491, 496, 274 S.E.2d 377, 379 (1981); *Asheville Mall v. F.W. Woolworth Co.*, 76 N.C. App. 130, 132, 331 S.E.2d 772, 773-74 (1985). The 1988 agreement contains no provision for payment of any amount to plaintiff by defendant and the trial judge properly denied plaintiff's claim.

Affirmed.

Judges ARNOLD and WELLS concur.