KAWAI AMERICA CORPORATION AND PIEDMONT MUSIC, INC. D/B/A NORTH CAROLINA ARTISAN SELECT, PLAINTIFFS v. UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL, DEFENDANT

No. COA01-1145

(Filed 6 August 2002)

**1. Appeal and Error— appealability—governmental immunity—substantial right**

An appeal from the denial of a motion to dismiss which asserted governmental immunity was interlocutory, but proper. Appeals raising issues of governmental immunity affect a substantial right.

**2. Immunity— governmental—conversion—contract claims**

The trial court erred by denying a motion to dismiss an action for conversion of pianos against a state university on the grounds of sovereign immunity, but not by denying a motion to dismiss a property damage claim which arose from contract provisions. The State has not waived sovereign immunity for intentional torts such as conversion, the superior court could not obtain judgment through pendent jurisdiction because only the General Assembly has authority to modify sovereign immunity, and the State implicitly consents to be sued when it enters into a contract.

Judge GREENE concurring.

Appeal by defendant from order entered 18 June 2001 by Judge Leon Stanback in Orange County Superior Court. Heard in the Court of Appeals 4 June 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Celia Grasty Lata, for defendant-appellant.*

*Horton, Sloan & Gerber, P.L.L.C., by Norman L. Sloan, for plaintiff-appellees.*

HUDSON, Judge.

The University of North Carolina at Chapel Hill (the "University") appeals an order denying its motion to dismiss plaintiffs' claims for conversion and damage to property on grounds of sovereign immunity, lack of personal and subject matter jurisdiction, and failure to state a claim upon which relief can be granted. For the reasons discussed below, we reverse in part, affirm in part, and remand.

The facts relevant to this appeal are not in dispute. Plaintiff Piedmont Music, Inc., ("Piedmont") is a dealer of pianos manufactured by plaintiff Kawai America Corporation ("Kawai"). On or about 16 February 1995, plaintiffs entered into an agreement with the University, under which Piedmont through Kawai was to provide pianos to the University for use in its Department of Music, in exchange for pianos owned by the University that were in need of repair. According to the agreement, Kawai through Piedmont could loan additional pianos to the University, and Piedmont could offer for sale any pianos it had placed with the University to other customers, provided that Piedmont replaced any pianos sold with pianos of comparable model and quality. In the event of termination of the agreement, pianos that Piedmont had provided in exchange for pianos owned by the University would remain the property of the University, but pianos that were loaned to the University would be returned to Piedmont at Piedmont's expense.

At some point prior to the initiation of this action, the parties decided to terminate the agreement. A dispute then arose over the return of the pianos. The parties agreed that certain pianos were to be returned to plaintiffs, and plaintiffs received these pianos. Plaintiffs contend, however, that the pianos were returned to them in damaged condition and that they are entitled to compensation for the damage under the terms of the agreement. Plaintiffs further contend that there are fourteen additional pianos that they did not receive, to which they are entitled under the agreement.

On 26 February 2001, plaintiffs filed a complaint against the University in Orange County Superior Court. The complaint alleged

four causes of action: (1) breach of contract; (2) in the alternative, conversion; (3) damage to property; and (4) claim and delivery. Subsequently, plaintiffs voluntarily dismissed without prejudice the fourth cause of action pursuant to Rule 41 of the North Carolina Rules of Civil Procedure. The University moved to dismiss the claims for conversion and damage to property, asserting sovereign immunity, lack of personal and subject matter jurisdiction, and failure to state a claim upon which relief can be granted. The court denied the motion to dismiss, and the University appeals.

[1] This Court has "repeatedly held that appeals raising issues of governmental or sovereign immunity affect a substantial right sufficient to warrant immediate appellate review." *Price v. Davis*, 132 N.C. App. 556, 558-59, 512 S.E.2d 783, 785 (1999). Therefore, although interlocutory orders such as a denial of a motion to dismiss are not generally immediately appealable, this appeal is properly before us. *See Vest v. Easley*, 145 N.C. App. 70, 72, 549 S.E.2d 568, 571 (2001).

[2] Absent consent or waiver, "an action cannot be maintained against the State of North Carolina or an agency thereof." *Guthrie v. State Ports Authority*, 307 N.C. 522, 534, 299 S.E.2d 618, 625 (1983) (emphasis omitted). Unless waived, "the immunity provided by the doctrine [of sovereign immunity] is absolute and unqualified." *Price*, 132 N.C. App. at 559, 512 S.E.2d at 786 (internal quotation marks omitted). The University is a state agency to which the doctrine of sovereign immunity applies. *See Truesdale v. University of North Carolina*, 91 N.C. App. 186, 192, 371 S.E.2d 503, 506-07 (1988), *appeal dismissed and disc. review denied*, 323 N.C. 706, 377 S.E.2d 229, *cert. denied*, 493 U.S. 808, 107 L.Ed. 2d 19 (1989), *overruled on other grounds by Corum v. University of North Carolina*, 330 N.C. 761, 413 S.E.2d 276, *cert. denied sub nom. Durham v. Corum*, 506 U.S. 985, 121 L. Ed. 2d 431 (1992). Therefore, unless the University consented to suit or waived its immunity regarding these claims, the claims are barred.

The State may statutorily waive sovereign immunity, but may then "be sued only in the manner and upon the terms and conditions prescribed." *Alliance Co. v. State Hospital*, 241 N.C. 329, 332, 85 S.E.2d 386, 389 (1955) (internal quotation marks omitted). Statutes which authorize suit against the State, "being in derogation of the sovereign right to immunity, must be strictly construed." *Guthrie*, 307 N.C. at 538, 299 S.E.2d at 627. One such statute, the State Tort Claims

Act (the "Act"), provides in relevant part that the Industrial Commission may award damages in claims based on the negligence of "any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina." N.C. Gen. Stat. 143-291(a) (2001). The Act thus waives the sovereign immunity of the State with respect to "suits brought as a result of negligent acts committed by its employees in the course of their employment." *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 329, 293 S.E.2d 182, 185 (1982). The Act also establishes that the forum for such suits is the Industrial Commission, rather than the State courts. *See id.*

This Court has stated that:

Suits against the State, its agencies and its officers for alleged tortious acts can be maintained only to the extent authorized by the Tort Claims Act, and that Act authorizes recovery only for negligent torts. Intentional torts committed by agents and officers of the State are not compensable under the Tort Claims Act.

*Wojsko v. State*, 47 N.C. App. 605, 610, 267 S.E.2d 708, 711 (citation omitted), *appeal dismissed and disc. review denied*, 301 N.C. 239, 283 S.E.2d 136 (1980); *see also Frazier v. Murray*, 135 N.C. App. 43, 48, 519 S.E.2d 525, 528 (1999) ("The Tort Claims Act does not give the Industrial Commission jurisdiction to award damages based on intentional acts."), *appeal dismissed*, 351 N.C. 354, 542 S.E.2d 209 (2000). Our courts have clearly held that any modification or waiver of the doctrine of sovereign immunity must come from the General Assembly. *See Blackwelder v. City of Winston-Salem*, 332 N.C. 319, 324, 420 S.E.2d 432, 435 (1992) ("We feel that any change in this doctrine [of sovereign immunity] should come from the General Assembly."); *Guthrie*, 307 N.C. at 534, 299 S.E.2d at 625 ("It is for the General Assembly to determine when and under what circumstances the State may be sued." (emphasis and internal quotation marks omitted)).

We note that this appeal concerns only the claims for conversion and damage to property. The University did not seek to dismiss the claim against it for breach of contract, correctly noting that the doctrine of sovereign immunity does not bar such a suit. "[W]henever the State of North Carolina, through its authorized officers and agencies, enters into a valid contract, the State implicitly consents to be sued

for damages on the contract in the event it breaches the contract." *Smith v. State*, 289 N.C. 303, 320, 222 S.E.2d 412, 423-24 (1976). Our Supreme Court emphasized, however, that "[t]his decision has no application to the doctrine of sovereign immunity as it relates to the State's liability for torts." *Id.* at 322, 222 S.E.2d at 424.

If plaintiffs' remaining claims were based on negligence, they could be pursued in the Industrial Commission but not in superior court. Conversion, however, is an *intentional* tort. *See Restatement (Second) of Torts* § 222A(1) (1965) ("Conversion is an intentional exercise of dominion or control over a chattel . . . ."); *see also Lewis v. Leasing Corp.*, 36 N.C. App. 556, 560, 244 S.E.2d 706, 709 (1978) (holding that an indemnity contract did not relieve parties from liability for the *intentional* tort of conversion). The State has not waived sovereign immunity for intentional torts by action of the Tort Claims Act or other statute. *See Wojsko*, 47 N.C. App. at 610, 267 S.E.2d at 711. The plaintiffs' claim for conversion is therefore barred by the doctrine of sovereign immunity.

We are not persuaded by plaintiffs' argument that the superior court could obtain jurisdiction over the conversion claim through the doctrine of pendent jurisdiction. Plaintiffs cite no legal authority in support of their novel theory that pendent jurisdiction can be used to waive sovereign immunity. Our Supreme Court has stated that only the General Assembly has the authority to modify the doctrine of sovereign immunity, and it has not done so in this manner. *See Blackwelder*, 332 N.C. at 324, 420 S.E.2d at 435; *Guthrie*, 307 N.C. at 534, 299 S.E.2d at 625. For the same reason, we reject plaintiffs' argument that the superior court should take jurisdiction over the conversion claim in the interest of judicial economy.

Although a claim for damage to property ordinarily may be characterized as either an intentional tort or negligence, *see Murray v. Insurance Co.*, 51 N.C. App. 10, 14, 275 S.E.2d 195, 198 (1981); *Restatement (Second) of Torts* §§ 497, 499 (1965); *Restatement (Second) of Torts* § 871 (1979), here, the claim is neither. The complaint alleges that the University is responsible for paying for damage to pianos, by specific reference to the contract. In paragraph 26, plaintiffs "reallege paragraphs 1 through 17," which are contained in the breach of contract allegations. In paragraph 27, the complaint alleges that "[t]he Agreement indicates that 'University shall bear the risk of loss for the pianos while pianos are in University's possession.' " Because "[u]pon information and belief, the pianos . . . were damaged while in the possession and under control of the

University," the plaintiffs requested damages. There are no allegations of negligent or intentional tortious behavior by the University, but rather references to liability stemming from the "Agreement." Thus, as a claim based on allegations of contract, this claim is not barred by the doctrine of sovereign immunity. *See Smith*, 289 N.C. at 320, 222 S.E.2d at 423-24.

In conclusion, we hold that the trial court erred by denying defendant's motion to dismiss the claim of conversion on grounds of sovereign immunity, but not by denying the motion to dismiss the claim for damage to property, which we believe arises from the contract allegations. We therefore reverse the trial court's denial of the University's motion to dismiss the conversion claim and affirm the denial of the University's motion to dismiss the damage to property claim. Thus, we remand for entry of an order dismissing the conversion claim and for further proceedings in the breach of contract claim, which was not part of this appeal, and in the damage to property claim.

Reversed in part, affirmed in part, and remanded.

Judge BIGGS concurs.

Judge GREENE concurs in a separate opinion.

GREENE, Judge, concurring.

I fully concur in the majority opinion but write separately to clarify the issue of plaintiffs' "damage to property" claim.

While plaintiffs' "damage to property" claim seeks recovery for damage done to the pianos while in the University's possession and is based on the contract provision wherein the University assumed the risk of any loss to the pianos, their "breach of contract" claim also seeks damages; but these damages are for breach of the contract provision holding the University responsible for the wrongful withholding of the pianos. As the two claims represent separate issues arising under the contract, the University's sovereign immunity defense does not apply to either.