**Julia McINNIS, Plaintiff,**

v.

**NORTH CAROLINA DEPARTMENT OF ENVIRONMENT AND NATURAL RESOURCES; and North Carolina Zoological Park, Defendants.**

**No. CIV.1:02CV00405.**

United States District Court, M.D. North Carolina.

Sept. 18, 2002.

Nancy Pulliam Quinn, The Quinn Law Firm, Greensboro, NC, for Plaintiff.

Edwin Lee Gavin, II, Elizabeth J. Weese, N.C. Dept. of Justice, Raleigh, NC, for Defendants.

## MEMORANDUM OPINION

BULLOCK, District Judge.

On May 22, 2002, Plaintiff Julia McInnis ("Plaintiff") filed this action against her employer, Defendant North Carolina Zoological Park, a division of the North Carolina Department of Environment and Natural Resources (hereinafter collectively referred to as "Defendants"), alleging employment discrimination based on disability and race in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). In addition to compensatory damages and injunctive relief, Plaintiff seeks punitive damages for the alleged violations of the ADA and Title VII. Furthermore, Plaintiff asserts two pendent state tort claims for negligent infliction of emotional distress and intentional infliction of emotional distress.

This matter is before the court on a motion to dismiss by Defendants pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). For the following reasons, the court will grant Defendants' motion to dismiss in part and deny Defendants' motion to dismiss in part.

## FACTS

Plaintiff, an African–American female, has been employed by Defendant North Carolina Zoological Park since November 1980. In her current position, Plaintiff is employed as a Visitor's Office Assistant. Plaintiff avers that Defendants discriminated against her based on her disability and race.

In February 2001, Plaintiff was reassigned to perform lower-level duties that were outside the duties of her current position. Plaintiff avers that this reassignment "aggravated and/or exacerbated her health conditions." (Compl. ¶ 19(b).) Plaintiff further asserts that Defendants allowed employees of other races to voluntarily perform these lower-level duties while she was required to perform these duties.

Furthermore, in August 2001, Plaintiff, a member of a protected class, applied for the posted position of Visitor Services Officer, but was not offered the position. Instead, the position was filled by an applicant outside Plaintiff's protected class. Plaintiff avers that she was denied the position of Visitor Services Officer because of her disability and race.

On July 5, 2001, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). In her initial charge, Plaintiff averred discrimination based on her race and retaliation for an earlier charge of racial discrimination. Plaintiff subsequently filed two amendments to her initial charge on July 20, 2001, and November 1, 2001, adding a charge of discrimination in violation of the ADA. On November 13, 2001, the EEOC notified Defendants that a charge of employment discrimination had been filed against them under Title VII and the ADA.

## DISCUSSION

### A. Subject Matter Jurisdiction

■ Title VII and the ADA create federal causes of action for employment discrimination. Before a claimant may file suit in federal court, however, she must first exhaust her administrative remedies by filing a charge with the EEOC. *See Smith v. First Union Nat'l Bank,* 202 F.3d 234, 247 (4th Cir.2000). If a charge filed with the EEOC is dismissed or the EEOC

fails to take any action within 180 days, the EEOC shall notify the complainant of her right to sue. 42 U.S.C. §§ 2000e–5(f)(1), 12117(a).

Plaintiff filed her initial charge of discrimination based on race and retaliation with the EEOC on July 5, 2001. She subsequently filed two amendments, adding a charge of discrimination based on disability. On February 21, 2002, the EEOC notified Plaintiff by letter of her right to file a civil action against Defendants. Plaintiff's "right to sue" letter stated that she had the "right to institute a civil action under Title VII." No reference was made of Plaintiff's right to bring suit on her ADA claim.

■ Defendants argue that because Plaintiff's "right to sue" letter does not reference her ADA claim, this court lacks jurisdiction over the ADA claim.

> Section[s] 2000e–5(f)(1) [and 12117(a) ] require[ ] EEOC to issue a 'right to sue' notice if, within 180 days after a charge is brought, the Commission has neither filed suit in its own name nor achieved a private settlement. Thus, a charging party is entitled to such notice if the appropriate conditions exist. The Commission's failure actually to issue the notice cannot defeat the complainant's statutory right to sue in the district court, for '[a] ... complainant is not charged with the commission's failure to perform its statutory duties.'

*Perdue v. Roy Stone Transfer Corp.,* 690 F.2d 1091, 1093 (4th Cir.1982) (quoting *Russell v. American Tobacco Co.,* 528 F.2d 357, 365 (4th Cir.1975)). "[I]t is entitlement to a 'right to sue' notice, rather than its actual issuance or receipt, which is a prerequisite to the jurisdiction of the federal courts ...." *Id.*

Plaintiff was entitled to a "right to sue" letter from the EEOC on her ADA claim. While the ADA claim was later added to Plaintiff's charge of discrimination filed on

July 5, 2001, it was treated as part of her initial charge. It was designated as an amendment and was assigned the same charge number as Plaintiff's Title VII charge. Furthermore, when the EEOC notified Defendants of Plaintiff's charge of discrimination on November 13, 2001, it specified that both a Title VII charge and an ADA charge had been made. That Plaintiff's "right to sue" letter does not reference her ADA claim appears to be nothing more than a clerical error. Plaintiff exhausted her administrative remedies by filing her ADA charge with the EEOC. Accordingly, she was entitled to a "right to sue" letter with regard to her ADA claim and should not be charged with the EEOC's failure to issue a complete "right to sue" letter.

### B. *Motion to Dismiss*

A court may dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, the court accepts as true all well-pleaded allegations and views the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993). " 'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' " *Revene v. Charles County Comm'rs,* 882 F.2d 870, 872 (4th Cir.1989) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *abrogated on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

### 1. *Disability discrimination*

■ To establish a *prima facie* case of discrimination in a failure to accommo-

date case under the ADA, a plaintiff must show: " '(1) that [she] was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of [her] disability; (3) that with reasonable accommodation [she] could perform the essential functions of the position . . . ; and (4) that the [employer] refused to make such accommodations.' " *Rhoads v. F.D.I.C.,* 257 F.3d 373, 387 n. 11 (4th Cir. 2001) (quoting *Mitchell v. Washingtonville Cent. Sch. Dist.,* 190 F.3d 1, 6 (2d Cir. 1999)).

Plaintiff avers that her disabilities, degenerative disc disease and severe allergies, substantially limit one or more major life activities and that she requested reasonable accommodations with which she could perform her essential job functions. (Compl.¶¶ 16–18.) Plaintiff does not specifically allege that Defendants were aware of her disabilities or that they refused to accommodate her. It appears, however, reasonable to infer such allegations from Plaintiff's complaint. *Id.* Therefore, accepting as true all of Plaintiff's allegations, Plaintiff has satisfied the minimal pleading requirements outlined above.

### 2. *Race discrimination*

■■ To prove a *prima facie* case of discriminatory failure to promote under Title VII, Plaintiff must establish that: "(1) she is a member of a protected class; (2) her employer had an open position for which she applied or sought to apply; (3) she was qualified for the position; and (4) she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." *Evans v. Technologies Applications & Serv. Co.,* 80 F.3d 954, 959–60 (4th Cir.1996).

Plaintiff again has minimally satisfied her obligation of alleging a *prima facie* case of discrimination under Title VII. Plaintiff, an African–American, is a member of a protected class. Plaintiff asserts

that she applied for the posted position of Visitor Services Officer, that she was qualified for the position, and that the position was filled by a person outside Plaintiff's protected class. (Compl.¶¶ 27–29.)

█ Plaintiff also alleges discrimination in her reassignment to lower-level duties. Plaintiff is required to show a connection between race and an adverse employment action. *See Autry v. Department of Human Res.*, 820 F.2d 1384, 1385 (4th Cir. 1987). Plaintiff avers that she was required to perform lower-level duties outside her job description. She asserts that due to this reassignment she suffered an adverse employment action. She further avers that Defendants allowed employees of other races to voluntarily perform duties outside their job descriptions while she was required to do so. (Compl.¶ 26.) As stated earlier, while these allegations are minimal, establishing a *prima facie* case of discrimination is a "relatively easy test." *Young v. Lehman*, 748 F.2d 194, 197 (4th Cir.1984).

### 3. *Punitive damages and tort claims*

Defendants also move to dismiss Plaintiff's third cause of action and fourth cause of action, in which Plaintiff asserts a claim for punitive damages and the tort claims of negligent infliction of emotional distress and intentional infliction of emotional distress. Plaintiff does not address Defendants' motion on these points, and the court assumes she agrees with Defendants' position. Regardless, Defendants' position is correct.

█ Section 42 U.S.C.1981a(b)(1) states that a complaining party may recover punitive damages against a respondent other than a government, government agency, or political subdivision. 42 U.S.C. § 1981a(b)(1) (1994). As state agencies, Defendants are not subject to claims for punitive damages. Similarly, as subdivisions of the State of North Carolina, De-

fendants are entitled to the protection of sovereign immunity as to the tort claims raised by Plaintiff. *See* N.C. Gen.Stat. § 143–291(a) (1999); *Guthrie v. North Carolina State Ports Auth.*, 307 N.C. 522, 299 S.E.2d 618 (1983); *Kawai Am. Corp. v. University of N.C. at Chapel Hill*, 567 S.E.2d 215, 217–18 (N.C.Ct.App.2002) (citing *Wojsko v. State*, 47 N.C.App. 605, 267 S.E.2d 708 (1980)).

### CONCLUSION

For the reasons set forth in this opinion, the court will grant Defendants' motion to dismiss as to the punitive damage and state tort claims and deny Defendants' motion to dismiss as to the Title VII and ADA claims. Defendants' alternative motion for summary judgment and to strike Paragraph 12 of Plaintiff's affidavit will be denied without prejudice. Defendants may renew their motion for summary judgment at the close of discovery as provided by the local rules of this court if they deem it appropriate.